**ARIZONA CONSUMER LAW GROUP, PLC**
John N. Skiba (022699)
7233 East Baseline Road, Suite 117
Mesa, Arizona 85209
Telephone: (480) 420-4028
Email: john@skibalaw.com
*Counsel for Plaintiff Darin Dichter*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Darin Dichter, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Central Portfolio Control, Inc., a Minnesota corporation, | |
| Defendant. | JURY TRIAL DEMANDED |

Plaintiff Darin Dichter, through counsel, does hereby state his complaint against Defendant Central Portfolio Control, Inc. ("Central Portfolio") as follows:

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.     This action arises, in part, out of Defendant Central Portfolio's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the invasions of Plaintiff's personal privacy by Defendant Central Portfolio in its efforts to collect a consumer debt.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff Darin Dichter is a natural person who resides in Scottsdale, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Central Portfolio, LLC ("Central Portfolio") is a Minnesota corporation with its principal place of business in the State of Minnesota.  At all relevant times to this Complaint, Central Portfolio transacted business in this District.

6.     Central Portfolio is a "debt collector" as that term is defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     Defendant Central Portfolio initially contacted Mr. Dichter in early 2020 alleging that Mr. Dichter owed a debt to CACH, LLC (hereinafter "CACH'). Central Portfolio was acting as a collection agency on behalf of CACH.

8.     Mr. Dichter had no financial dealings with CACH and requested that Central Portfolio verify the debt with documentation to support Central Portfolio's claim that a debt was owed.

9.     On April 23, 2020 Central Portfolio sent a letter to Mr. Dichter stating that there was a balance owed of $61,492.79. *See* Letter dated 4/23/2020, attached hereto as Exhibit A. Attached to the letter was an unsigned judgment issued out of the Los Angeles Superior Court dated September 25, 2013. The judgment amount was $39,299.92. The judgment did not provide for any post-judgment interest or provide a post-judgment interest rate.

10.     This response from Central Portfolio was wholly inadequate and did not provide the documentation requested by Mr. Dichter to verify the debt.

11.     After Central Portfolio's failure to provide the requested verification Mr. Dichter was forced to retain legal counsel to obtain the requested information.

12.     On June 9, 2020 Mr. Dichter, through counsel, sent another request to Central Portfolio requesting that the debt be verified. *See* Letter dated 06/09/2020, attached hereto as Exhibit B. Specifically, the June 9th letter requested that Central Portfolio provide the following information/documentation within 30 days as to the alleged debt with CACH:

- Agreement with Bank of America/CACH, LLC that authorizes you to collect on this alleged debt;

- The agreement bearing Mr. Dichter's signature stating that he has agreed to assume the debt;

- Valid copies of the debt agreement stating the amount of the debt and interest charges;

- Proof that the judgment has not expired;

- Complete payment history on this account along with an accounting of all additional charges, including interest charges, being assessed;

- Proof that you are licensed to collect in the State of Arizona; and

- Your license numbers and Registered Agent

13.     In response to the June 9th demand for verification, on June 23, 2020 Central Portfolio sent the exact same letter and unsigned judgment that Central Portfolio had sent to Mr. Dichter on April 23, 2020. *See* Letter dated 06/23/2020, attached hereto as Exhibit C. None of the other documentation or information requested in the June 9th letter were provided.

14.     On July 20, 2020 Mr. Dichter, through counsel, again sent a written request for verification of the alleged debt with CACH. *See* Letter dated 07/20/2020, attached hereto as Exhibit D. The letter again requested the same information and documentation that was requested in Mr. Dichter's June 9th letter.

15.     No response was received by Mr. Dichter from Central Portfolio.

16.     On August 18, 2020 a third request for verification was sent to Central Portfolio requesting the same information and documentation as previously requested. *See* Letter dated 08/18/2020, attached hereto as Exhibit E.

17.    Again, no response has been received from Central Portfolio.

18.    Mr. Dichter has been attempting to gain verification of the debt from Central Portfolio through numerous requests over the past eight months. Such requests have been ignored by Central Portfolio.

19.    Defendant Central Portfolio is in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692f(1) and 1692g.

20.    Plaintiff has suffered actual damages as a result of Defendant's actions, in the form of attorney's fees, anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

## TRIAL BY JURY

21.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSE OF ACTION

### COUNT I.
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The foregoing acts and omissions of Defendant Central Portfolio constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24.    As a result of Central Portfolio's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Central Portfolio.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Central Portfolio;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Central Portfolio;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Central Portfolio;

- for such other and further relief as this Court deems appropriate.

DATED this 5th day of November 2020.

Arizona Consumer Law Group, PLC


___/s/ John N. Skiba_____
John N. Skiba
*Counsel for Plaintiff Mr. Dichter*

# Exhibit A

 **CENTRAL PORTFOLIO CONTROL**

10249 Yellow Circle Dr • Suite 200 • Minnetonka, MN 55343 • Toll-Free: 800-606-6841 • Fax: 952-400-4777

April 23rd, 2020

Darin Dichter
8883 E Mountain Spring Rd
Scottsdale, AZ 85255

Current Creditor: CACH, Llc
Original Creditor: Bank of America
Original Account #: xxxx-xxxx-xxxx-2162
CPC Account #: VEST897767
Current Balance: $61,492.79

Dear Darin,

Per your request, this letter is to confirm your balance of $61,492.79.

If you have any questions, please feel free to contact me at 1-800-871-9315.

Sincerely,

Damon Cross
Account Manager
Central Portfolio Control

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This agency is licensed by the Minnesota Department of Commerce.**

PLAINTIFF: CACH, LLC

DEFENDANT. DARIN M DICHTER

CASE NUMBER: SC120949

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [ ] THE COURT   [X] THE CLERK

4. [ ]   **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties. Judgment is**

a. [X] for plaintiff (name each):

CACH, LLC

and against defendant (names):

DARIN M DICHTER, an individual

[ ] Continued on Attachment 5a.

b. [ ] for defendant (name each):

c. [ ] for cross-complainant (name each):

and against cross-defendant (name each):

[ ] Continued on Attachment 5c.

d. [ ] for cross-defendant (name each):

6. **Amount.**

a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | [X] | Damages. | $37296.04 |
| (2) | [ ] | Prejudgment Interest at the annual rate of      % | $ |
| (3) | [X] | Attorney fees | $ 1508.88 |
| (4) | [X] | Costs | $ 495.00 |
| (5) | [ ] | Other (specify): | $ |
| (6) | | **TOTAL** | $ 39299.92 |

c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [ ] | Damages | $ |
| (2) | [ ] | Prejudgment Interest at the annual rate of      % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [ ] | Costs | $ |
| (5) | [ ] | Other (specify): | $ |
| (6) | | **TOTAL** | $ |

b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
[ ] Defendant named in item 5b to recover costs $
[ ] and attorney fees $

d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
[ ] Cross-defendant named in item 5d to recover costs $
[ ] and attorney fees $

7. [ ] Other (specify):

Date: _____
_____
JUDICIAL OFFICER

Date: **SEP 2 5 2013**   [✓] Clerk, by _____**M. Kurihara**_____ , Deputy

**CLERK'S CERTIFICATE (Optional)**

I certify that this is a true copy of the original judgment on file in the court.

Date: **SEP 2 5 2013**

Clerk, by _M. Kurihara_ , Deputy

**M. Kurihara**

[SEAL]

JUD-100 [New January 1, 2002]

**JUDGMENT**

Page 2 of 2

70046

120017089889

JUD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Ryan Vos, SBN 224368; Jennifer Morrow, SBN 276495; Elizabeth Sullivan, SBN 281099<br>Caitlin Berger, SBN 287560; Rachel Zwernemann, SBN 286515; Nahed Najmyar, SBN 290225<br>MANDARICH LAW GROUP, LLP<br>6301 Owensmouth Avenue Suite 850 Woodland Hills, California 91367<br>    TELEPHONE NO.: 818-264-0111    FAX NO. (Optional): 818-686-1280<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Cach, Llc | FOR COURT USE ONLY<br><br>**CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**SEP 25 2013**<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Melanie Kishara, Deputy |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>  STREET ADDRESS:  1725 MAIN STREET.<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:  SANTA MONICA, CA 90401<br>  BRANCH NAME:  SANTA MONICA COURTHOUSE |

| | |
|---|---|
| PLAINTIFF: CACH LLC<br><br>DEFENDANT: DARIN M DICHTER | |
| JUDGMENT<br>[X] By Clerk    [X] By Default    [ ] After Court Trial<br>[ ] By Court    [•] On Stipulation    [ ] Defendant Did Not<br>                                     Appear at Trial | CASE NUMBER:<br><br>SC120949 |

**JUDGMENT**

1. [X] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [X] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [ ] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court    [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):                   [ ] Plaintiff's attorney (name each):
          (1)                                        (1)
          (2)                                        (2)
      [ ] Continued on Attachment 3b.
      [ ] Defendant (name each):                  [ ] Defendant's attorney (name each):
          (1)                                          (1)
          (2)                                          (2)
      [ ] Continued on Attachment 3b.
   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632)    [ ] was not    [ ] was    requested.

# Exhibit B

**JOHN N. SKIBA**
Consumer Protection & Bankruptcy Attorney





<u>**VIA U.S. MAIL AND FACSIMILE (952-400-4777)**</u>

June 9, 2020

Central Portfolio Control
℅ Damon Cross
10249 Yellow Circle Drive, Suite 200
Minnetonka, MN 55343

|     |     |     |
| --- | --- | --- |
| Re: | **Darin Dichter** |     |
|     | Current Creditor: | CACH, LLC |
|     | Original Creditor: | Bank of America |
|     | Original Account #: | 2162 |
|     | CPC Account #: | VEST897767 |

Dear Mr. Cross:

I am writing this letter on behalf of Mr. Darin Dichter in response to the letter he received from your office on April 23, 2020, as well as the telephone conversation I had with you about the details of the alleged debt. Please be advised that Mr. Dichter is not refusing to pay this alleged account, but pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809(b) would like to notify you that your claim is disputed and validation is requested.

Mr. Dichter had previously requested validation of this claim and the responsive letter sent by your office on April 23, 2020 is wholly insufficient. For example, your letter states that the balance owed is $61,492.79 yet the judgment entered in this matter does not reflect any type of interest rate. My client's concerns as to the validity of this debt were magnified when you could not explain the interest rate being applied to this judgment during our conversation on the telephone.

It is requested that your office provide me with complete documentation to verify that Mr. Dichter owes the said debt and has any legal obligation to pay you.

Please provide my office with the following:

1. Agreement with Bank of America/CACH, LLC that authorizes you to collect on this alleged debt;

Damon Cross
Central Portfolio Control
June 9, 2018

2. The agreement bearing Mr. Dichter's signature stating that he has agreed to assume the debt;

3. Valid copies of the debt agreement stating the amount of the debt and interest charges;

4. Proof that the judgment has not expired;

5. Complete payment history on this account along with an accounting of all additional charges, including interest charges, being assessed;

6. Proof that you are licensed to collect in the State of Arizona; and

7. Your license numbers and Registered Agent

All requested documentation and information should be mailed to:

**John N. Skiba, Esq.**
**Arizona Consumer Law Group, PLC**
**7233 East Baseline Road, Suite 117**
**Mesa, Arizona 85209**

Alternatively, the requested information can be emailed to **john@skibalaw.com**.

If your office fails to reply to this debt validation letter within 30 days from the date of your receipt, all instances related to this account must be immediately deleted and completely removed from Mr. Dichter's credit file. Moreover, all future attempts to collect on the said debt must cease.

Your non-compliance with Mr. Dichter's request will also be construed as an absolute waiver of all claims to enforce the debt against Mr. Dichter's and your implied agreement to compensate him for court costs and attorney fees if he is forced to bring this matter before a judge.

Sincerely,

John N. Skiba
*Attorney for Darin Dichter*

# Exhibit C

# CENTRAL
# PORTFOLIO
# CONTROL

10249 Yellow Circle Drive  •  Suite 200  •  Minnetonka, MN 55343  •  Toll-Free: 800-606-6841  •  Fax: 952-224-2212

June 23rd, 2020

DARIN M DICHTER
8883 E MOUNTAIN SPRING RD
SCOTTSDALE, AZ 85255

Current Creditor: CACH  LLC
Original Creditor: BANK OF AMERICA  N.A.
Original Account #: XXXXXXXXXXXX2162
Internal File #: VEST897767
Balance: $62,160.71

Dear DARIN M DICHTER,

This letter is to confirm your balance of $62,160.71.

If you have any questions, please contact me at (888) 456-3186.

Sincerely,

Georgi Kortava
Risk Management Director
Central Portfolio Control

**THIS COMMUNICATION IS FROM A LICENSED DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT & ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

120017089889

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ryan Vos, SBN 224368; Jennifer Morrow, SBN 276495: Elizabeth Sudlian, SBN 281099
Caitlin Berger, SBN 287560; Rachel Zwernemann, SBN 286515; Nahed Najmyar, SBN 290225
MANDARICH LAW GROUP, LLP
6301 Owensmouth Avenue Suite 850 Woodland Hills, California 91367
TELEPHONE NO. 818-264-0111          FAX NO. (Optional): 818-888-1260
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Cach, Llc

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 25 2013

Sherri R. Carter, Executive Officer/Clerk

By Melanie Kuthara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 MAIN STREET.
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA MONICA, CA 90401
BRANCH NAME: SANTA MONICA COURTHOUSE

PLAINTIFF: CACH, LLC

DEFENDANT: DARIN M DICHTER

| JUDGMENT | | CASE NUMBER. |
|---|---|---|
| [X] By Clerk [ ] By Court | [X] By Default [X] On Stipulation | [ ] After Court Trial [ ] Defendant Did Not Appear at Trial | SC120949 |

## JUDGMENT

**1. [X] BY DEFAULT**

   a. Defendant was properly served with a copy of the summons and complaint.

   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.

   c. Defendant's default was entered by the clerk upon plaintiff's application.

   d. [X] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.

   e. [ ] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
     (1) [ ] plaintiff's testimony and other evidence.
     (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

**2. [ ] ON STIPULATION**

   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and

   b. [ ] the signed written stipulation was filed in the case.

   c. [ ] the stipulation was stated in open court    [ ] the stipulation was stated on the record.

**3. [ ] AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.

   a. The case was tried on (date and time):
     before (name of judicial officer):

   b. Appearances by:

     [ ] Plaintiff (name each):         [ ] Plaintiff's attorney (name each):
      (1)                          (1)
      (2)                          (2)
     [ ] Continued on Attachment 3b.

     [ ] Defendant (name each):         [ ] Defendant's attorney (name each):
      (1)                          (1)
      (2)                          (2)
     [ ] Continued on Attachment 3b.

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was   requested.

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]
JUDGMENT
Code of Civil Procedure, §§ 585, 664.6

| PLAINTIFF: CACH, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT. DARIN M DICHTER | SC120949 |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☐ THE COURT ☒ THE CLERK

4. ☐ Stipulated Judgment. Judgment is entered according to the stipulation of the parties.

5. Parties. Judgment is

a. ☒ for plaintiff (name each):

CACH, LLC

and against defendant (names):

DARIN M DICHTER, an individual

☐ Continued on Attachment 5a.

b. ☐ for defendant (name each):

c. ☐ for cross-complainant (name each):

and against cross-defendant (name each):

☐ Continued on Attachment 5c.

d. ☐ for cross-defendant (name each):

6. Amount.

a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:

| (1) | ☒ | Damages. | $37296.04 |
|---|---|---|---|
| (2) | ☐ | Prejudgment Interest at the annual rate of ___ % | $ |
| (3) | ☒ | Attorney fees | $ 1508.88 |
| (4) | ☒ | Costs | $ 495.00 |
| (5) | ☐ | Other (specify): | $ |
| (6) | | TOTAL | $ 39299.92 |

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | ☐ | Damages | $ |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of ___ % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other (specify): | $ |
| (6) | | TOTAL | $ |

b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
☐ Defendant named in item 5b to recover costs $ ___ and attorney fees $ ___

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
☐ Cross-defendant named in item 5d to recover costs $ ___ and attorney fees $ ___

7. ☐ Other (specify):

Date: ___

☐ _____
JUDICIAL OFFICER

Date: SEP 2 5 2013   ☑ Clerk, by    M. Kurihara    , Deputy

---

(SEAL)

**CLERK'S CERTIFICATE (Optional)**

I certify that this is a true copy of the original judgment on file in the court.

Date: SEP 2 5 2013

Clerk, by  M. Kurihara  , Deputy

M. Kurihara

Page 2 of 2

JUD-100 [New January 1, 2002]         JUDGMENT                              700-16

# Exhibit D

**JOHN N. SKIBA**
Consumer Protection & Bankruptcy Attorney





**VIA U.S. MAIL AND FACSIMILE (952-400-4777)**

July 20, 2020

Central Portfolio Control
℅ Georgi Kortava
10249 Yellow Circle Drive, Suite 200
Minnetonka, MN 55343

> Re:   **Darin Dichter - Second Request**
> Current Creditor:   CACH, LLC
> Original Creditor:   Bank of America
> Original Account #:   2162
> CPC Account #:   VEST897767

Dear Ms. Kortava:

I am writing this letter on behalf of Mr. Darin Dichter in response to your office's attempts at verifying the disputed account referenced above. The documentation (and lack thereof) received with your letter dated June 23, 2020 is wholly inadequate.

As you know, failure to provide adequate documentation and information in response to a request made pursuant to 15 USC 1692g is a violation of the Fair Debt Collection Practices Act.

Please provide my office with the following within five business days:

1. Agreement with Bank of America/CACH, LLC that authorizes you to collect on this alleged debt;

2. The agreement bearing Mr. Dichter's signature stating that he has agreed to assume the debt;

3. Valid copies of the debt agreement stating the amount of the debt and interest charges;

4. Proof that the judgment has not expired;

john@skibalaw.com | www.ConsumerWarrior.com | (480) 420-4028
7233 E. Baseline Rd., Suite 117 | Mesa, Arizona 85209

Georgi Kortava
Central Portfolio Control
July 20, 2020

5. Complete payment history on this account along with an accounting of all additional charges, including interest charges, being assessed;

6. Proof that you are licensed to collect in the State of Arizona; and

7. Your license numbers and Registered Agent

All requested documentation and information should be mailed to:

**John N. Skiba, Esq.**
**Arizona Consumer Law Group, PLC**
**7233 East Baseline Road, Suite 117**
**Mesa, Arizona 85209**

Alternatively, the requested information can be emailed to **john@skibalaw.com**.

Your non-compliance with Mr. Dichter's request will also be construed as an absolute waiver of all claims to enforce the debt against Mr. Dichter's and your implied agreement to compensate him for court costs and attorney fees if he is forced to bring this matter before a judge.

Sincerely,

John N. Skiba
*Attorney for Darin Dichter*

Exhibit E

# JOHN N. SKIBA
Consumer Protection & Bankruptcy Attorney





**VIA EMAIL (georgikortava@cpcrecovery.com) AND FACSIMILE (952-400-4777)**

August 18, 2020

Central Portfolio Control
% Georgi Kortava
10249 Yellow Circle Drive, Suite 200
Minnetonka, MN 55343

|  |  |  |
|---|---|---|
| Re: | **Darin Dichter –** | **THIRD REQUEST** |
|  | Current Creditor: | CACH, LLC |
|  | Original Creditor: | Bank of America |
|  | Original Account #: | 2162 |
|  | CPC Account #: | VEST897767 |

Dear Mr. Kortava:

I am writing this third time to request a validation of the debt that your company is attempting to collect. And while this is my office's third attempt to obtain validation, my client has been attempting to obtain information on what this debt is and why you believe he owes it for over four (4) months. This is unacceptable.

**April 23, 2020 Request for Validation**

In response to my client's request for documentation and verification of the debt your office sent a letter on April 23, 2020 alleging that there was a balance owed of $61,492.79. In support of this you sent an unsigned default judgment issued out of California (my client resides in Arizona), and the amount of the judgment was $39,299.92. The default judgment does not contain a term permitting post-judgment interest and your letter offers no explanation as to how the $61,492.79 was calculated.

**June 9, 2020 Request for Validation**

Because of the lack of validation Mr. Dichter was forced to retain legal counsel. On June 9, 2020 a written request for verification of the underlying debt was sent. Again, on June 23, 2020 your office sent the same unsigned judgment without further documentation or explanation.

Georgi Kortava
Central Portfolio Control
August 18, 2020

**July 20, 2020 Request for Validation**

Again, on July 20, 2020 my office sent a request for validation of the debt and clearly explained that what was provided was not acceptable. After sending this letter and following up with several telephone calls on August 14, 2020 you emailed my office one (1) Bank of America statement that alleges a balance owed of $37,296.04. In response to the request for additional proof of the underlying account you requested that I follow up in "20 days".

As you know, failure to provide adequate documentation and information in response to a request made pursuant to 15 USC 1692g is a violation of the Fair Debt Collection Practices Act.

Please provide my office with the following no later than close of business on **Friday, August 21, 2020**:

1. Agreement with Bank of America/CACH, LLC that authorizes you to collect on this alleged debt;

2. The agreement bearing Mr. Dichter's signature stating that he has agreed to assume the debt;

3. Valid copies of the debt agreement stating the amount of the debt and interest charges;

4. Proof that the judgment has not expired;

5. Complete payment history on this account along with an accounting of all additional charges, including interest charges, being assessed;

6. Proof that you are licensed to collect in the State of Arizona; and

7. Your license numbers and Registered Agent

All requested documentation and information should be emailed to: **john@skibalaw.com**.

Your non-compliance with Mr. Dichter's request will also be construed as an absolute waiver of all claims to enforce the debt against Mr. Dichter and your implied agreement to compensate him for court costs and attorney fees if he is forced to bring this matter before a judge.

If we do not receive the requested documentation by the above date my client has instructed me to pursue these documents through the court system.

Sincerely,

John N. Skiba
*Attorney for Darin Dichter*